# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| NICHOLE K., | Case No. 19-CV-1662 (SER) |
| Plaintiff, | |
| v. | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Nichole K.'s request to proceed in forma pauperis, ECF No. 2 (IFP Motion). For the reasons discussed, the Court denies the IFP Motion and orders Plaintiff to file a new application to proceed in forma pauperis (IFP).

Under 28 U.S.C. § 1915(a)(1), an individual who wishes to proceed IFP in a suit must submit "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Plaintiff's IFP

---

[1] Section 1915(a)(1) uses the term "prisoner" in the location where the bracketed use of "person" appears. On first glance, this might suggest that § 1915(a)(1) does not apply to Plaintiff, as she is not a prisoner. But numerous courts have held that § 1915(a)(1) does indeed apply to IFP applications by nonprisoners as well. *See, e.g.*, *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997); *Taft v. Sassman*, No. 11-CV-4060 (MWB), 2012 WL 384836, at *1 (N.D. Iowa Feb. 6, 2012); *Kane v. Lancaster Cty. Dep't of Corr.*, 960 F. Supp. 219, 220 n.1 (D. Neb. 1997).

Motion is a one-page document containing no relevant information and does not meet the § 1915(a)(1) requirements. The IFP Motion will be denied.

The Court will give Nichole K. another opportunity to demonstrate that she qualifies for IFP status. "'The central question' in determining whether an individual qualifies financially for IFP status 'is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life.'" *Olson v. Ramsey Cty.*, No. 15-CV-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quoting *Ayers v. Tex. Dep't of Criminal Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam)), *report and recommendation adopted*, 2015 WL 5778478 (D. Minn. Oct. 1, 2015). To address this "central question," a standardized form has been created for litigants seeking IFP status. *See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs (Long Form), Form No. AO 239, *available at* http://www.uscourts.gov/services-forms/forms (last accessed June 27, 2019). Plaintiff must complete this form (or provide a similar level of information by some other means) before the Court can assess her request to proceed IFP.

The Court thus orders Plaintiff to file—within 30 days of this Order's date—a completed Form No. AO 239 or a document containing comparable information. If Plaintiff does not make this filing within the time allowed, this action will proceed only if Plaintiff pays this action's full filing fee.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Nichole K.'s request to proceed in forma pauperis, ECF No. 2 (IFP Motion) (Dkt. No. 2) is **DENIED**.

2. Plaintiff must file—within 30 days of the date of this Order—a completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Form No. AO 239, or a document containing comparable information. If Plaintiff does not file this document within 30 days of this Order's date, this action will proceed only if Plaintiff pays this action's full filing fee.

Dated: July 11, 2019         *s/ Steven E. Rau*_____
                              Steven E. Rau
                              United States Magistrate Judge